UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Sheila Ann Perry,
      Claimant

      v.                                    Case No. 14-cv-390-SM
                                            Opinion No. 2015 DNH 117
Carolyn W. Colvin,
Acting Commissioner of Social Security,
      Respondent


**O R D E R**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), claimant, Sheila Ann Perry, moves to reverse (or remand for additional hearing) the Acting Commissioner's decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act, 42 U.S.C. §§ 423 and 1381-1383c (the "Act"). The Acting Commissioner objects and moves for an order affirming her decision.

For the reasons discussed below, claimant's motion is granted, and the Acting Commissioner's motion is denied.


**Factual Background**

I.  Procedural History.

In December of 2011, claimant filed applications for DIB and SSI benefits, alleging that she had been unable to work since May

15, 2000, due to anxiety, depression, and a back condition. Those applications were denied and claimant requested a hearing before an Administrative Law Judge ("ALJ").

In April of 2013, claimant, her attorney, her boyfriend, and a vocational expert appeared before an ALJ, who considered claimant's applications de novo. Later that month, the ALJ issued her written decision, concluding that claimant was not disabled, as that term is defined in the Act, at any time prior to the date of her decision. The Appeals Council denied claimant's request for review, so the ALJ's denial of her applications became the final decision of the Commissioner, subject to judicial review. Subsequently, claimant filed a timely action in this court, asserting that the ALJ's decision is not supported by substantial evidence. Claimant then filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 9). In response, the Acting Commissioner filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 11). Those motions are pending.

II. Stipulated Facts.

Pursuant to this court's Local Rule 9.1, the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 15), need not be

recounted in this opinion. Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I. "Substantial Evidence" and Deferential Review.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Factual findings and credibility determinations made by the Commissioner are conclusive if supported by substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3). See also Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is something less than a preponderance of the evidence, so the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966). See also Richardson v. Perales, 402 U.S. 389, 401 (1971).

II.  <u>The Parties' Respective Burdens</u>.

An individual seeking DIB and/or SSI benefits is disabled under the Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A). <u>See also</u> 42 U.S.C. § 1382c(a)(3).  The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment.  <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47 (1987); <u>Santiago v. Secretary of Health & Human Services</u>, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, the claimant must prove, by a preponderance of the evidence, that her impairment prevents her from performing her former type of work.  <u>See</u> <u>Gray v. Heckler</u>, 760 F.2d 369, 371 (1st Cir. 1985); <u>Paone v. Schweiker</u>, 530 F. Supp. 808, 810-11 (D. Mass. 1982).  If the claimant demonstrates an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform, in light of her age, education, and prior work experience.  <u>See</u> <u>Vazquez v. Secretary of Health & Human Services</u>, 683 F.2d 1, 2 (1st Cir. 1982).  <u>See also</u> 20 C.F.R. §§ 404.1512(f) and 416.912(f).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience. See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 6 (1st Cir. 1982). Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work.

42 U.S.C. § 423(d)(2)(A). See also 42 U.S.C. § 1382c(a)(3)(B).

With those principles in mind, the court reviews claimant's motion to reverse and the Acting Commissioner's motion to affirm her decision.

### Background - The ALJ's Findings

In concluding that claimant was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-

step sequential evaluation process described in 20 C.F.R. §§ 404.1520 and 416.920. See generally Barnhart v. Thomas, 540 U.S. 20, 24 (2003). Accordingly, she first determined that claimant had not been engaged in substantial gainful employment since her alleged onset of disability: May 15, 2000. Admin. Rec. at 23. Next, she concluded that claimant suffers from several "severe" impairments: "a pain disorder with chronic low back pain, an anxiety disorder and a mood disorder." Id. Nevertheless, the ALJ determined that those impairments, regardless of whether they were considered alone or in combination, did not meet or medically equal any of the impairments listed in Part 404, Subpart P, Appendix 1. Admin. Rec. at 25. Claimant does not challenge any of those findings.

Next, the ALJ concluded that claimant retained the residual functional capacity ("RFC") to perform the exertional demands of a range of light work. She noted, however, that claimant:

> is unable to climb ladders, ropes or scaffolds. She needs to avoid exposure to hazards. She is limited to performing uncomplicated tasks (defined as tasks that can be learned in 30 days or less) that are done in a solitary manner, but she can engage in incidental contact with the general public and she can manage brief and superficial interaction with co-workers. She can collaborate with supervisors on routine matters. In this context, she can concentrate and persist on tasks for 2 hour blocks of time throughout a normal workday and workweek.

Admin. Rec. at 26-27. In light of those restrictions, the ALJ concluded that claimant was not capable of performing her past relevant work as a machine operator. Id. at 29.

Finally, the ALJ considered whether there were any jobs in the national economy that claimant might perform. She presented a hypothetical scenario to the vocational expert, involving a worker with the above-listed limitations, and asked whether there are jobs in the national economy that such an individual can perform. The vocational expert opined that there are such jobs, and gave several representative examples. Based upon that testimony, the ALJ determined that, notwithstanding claimant's exertional and non-exertional limitations, she "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Id. at 30. Consequently, the ALJ concluded that claimant was not "disabled," as that term is defined in the Act, through the date of her decision (April 26, 2013).

## Discussion

Claimant challenges the ALJ's decision on four grounds, asserting that she erred: (1) by affording inadequate weight to the opinion of claimant's treating psychiatrist; (2) by improperly calculating claimant's residual functional capacity;

(3) by improperly evaluating claimant's subjective complaints of pain and credibility; and (4) by failing to satisfy her burden at step five of the sequential analysis. While claimant has identified several weaknesses in the ALJ's decision (which the Commissioner characterizes as "harmless errors"), the court focuses on the ALJ's decision to discount the professional opinions of claimant's treating psychiatrist, Dr. Blencowe.

Because Dr. Blencowe had an ongoing treatment relationship with claimant, her medical opinions are entitled to controlling weight, provided they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [they are] not inconsistent with the other substantial evidence in [claimant's] record." 20 C.F.R. § 404.1527(c)(2). Those regulations go on to provide that:

> When we do not give the treating source's opinion controlling weight, we apply the factors listed [in this section] in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.

20 C.F.R. § 404.1527(c)(2) (emphasis supplied). See also Social Security Ruling, Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, SSR 96-2p, 1996 WL 374188 (July 2, 1996) (when the ALJ renders an adverse disability decision, his or her notice of decision "must

contain <u>specific reasons</u> for the weight given to the treating source's medical opinion, <u>supported by the evidence</u> in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight.") (emphasis supplied).

Here, the ALJ declined to afford controlling weight to Dr. Blencowe's opinions.[1]  Her stated reasons for doing so - inconsistencies in Dr. Blencowe's report - are, however, insufficient.  As the Acting Commissioner herself acknowledges, "Plaintiff contends that the inconsistencies the ALJ referenced [in Dr. Blencowe's report] were not inconsistencies at all, and the Commissioner is inclined to agree."  Commissioner's memorandum (document no. 11-1) at 3.  But, says the Commissioner:

> The ALJ would have done better to highlight that Dr. Blencowe found that Plaintiff had an "unlimited or very good" ability to "maintain regular attendance and be punctual within customary tolerances," while simultaneously noting that her impairments or treatment would cause her to miss more than four days of work per month.  Because the opinion was actually internally

---

[1] The ALJ also discounted the opinions of Janice Long, a licensed clinical social worker, and Dr. Janet Levinson, a consultative psychologist - both of whom examined and/or treated claimant.  <u>See</u> Admin. Rec. at 28-29.

9

> inconsistent, the ALJ is guilty only of reaching the right result by the wrong route.

Id. The court disagrees.

That claimant has the ability to be punctual and regularly show up for work does not address interruptions to her work schedule caused by either the symptoms of her impairments or her need to obtain medical and/or psychiatric treatment. Indeed, while Dr. Blencowe opined that claimant had the ability to be punctual, she also stated that, once at work, claimant would be unable to "complete a normal workday and workweek without interruptions from psychologically based symptoms." Admin. Rec. at 406. Without a more thorough discussion from the ALJ and detailed explanation of her reasoning, it is difficult to understand how Dr. Blencowe's opinions can be characterized as internally inconsistent.

As additional support for her decision to discount Dr. Blencowe's opinions, the ALJ stated that they were "inconsistent with her clinical assessment in February 2013 when she observed normal thought processes, normal speech, good memory and good attention and concentration." Id. at 28. Again, however, those observations by Dr. Blencowe are not necessarily inconsistent with her subsequent opinions about claimant's ability to perform

work-related tasks. Dr. Blencowe's opinions focused on claimant's allegedly disabling anxiety and motivation issues (as well as symptoms resulting from those impairments) which, at least in Dr. Blencowe's opinion, "interfere with her being able to process and focus on information" and, in turn, "make her extremely anxious and tearful." Id. at 407. Those allegedly disabling impairments and symptoms are not inconsistent with normal speech, good memory, and good attention.

Nevertheless, the Commissioner urges the court to affirm the ALJ's decision, arguing that a careful review of the record reveals that there are other inconsistencies in Dr. Blencowe's opinions upon which the ALJ could have properly relied in deciding to discount her opinions. In essence, the Commissioner asserts that the ALJ's errors were "harmless." But, as this court has previously recognized, it "cannot uphold the ALJ's decision based on rationales unarticulated in the record." Laplume v. Astrue, 2009 WL 2242680 at *6 n.20, 2009 DNH 112 (July 24, 2009). It is the role of the ALJ, not the court, to identify record support for her decision to discount the opinions of claimant's treating source, Dr. Blencowe. In a substantially similar situation, this court (Laplante, J.) observed:

> In the motion before this court, counsel for the Commissioner ably posits numerous reasons "[l]ending support to the ALJ's disregard of Dr. Southworth's

11

> limitational assessments." It is the responsibility of the ALJ to undertake that analysis in the first instance, not the court. The court recognizes that it is possible that on remand, the Commissioner may once again conclude that Dube was not disabled during the relevant time period. If he reaches such a conclusion, however, he must do so in a manner that demonstrates that all the relevant evidence in the record was considered in accordance with applicable legal standards.

Dube v. Astrue, 781 F. Supp. 2d 27, 36 (D.N.H. 2011) (citations omitted). See also Fortin v. Astrue, 2011 WL 2295171, *8 (D.N.H. 2011) ("[I]t is not the role of the Commissioner or the court to fashion a rationale under which the ALJ could have sustainably rejected [claimant's treating source's] opinion.") (citations omitted). See generally Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196 (1947) (articulating "a simple but fundamental rule of administrative law," which provides that "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which

Congress has set aside exclusively for the administrative agency.").[2]

Stated simply, the ALJ did not adequately justify her decision to discount the opinions of claimant's treating source, Dr. Blencowe. The ALJ did not give "good reasons" for disregarding the opinions of a treating source as required by regulation. Accordingly, this matter must be remanded. The ALJ may reconsider the weight that should properly be ascribed to those opinions, under applicable regulations.

## Conclusion

For the foregoing reasons, claimant's motion to reverse the decision of the Commissioner (document no. 9) is granted to the extent she seeks a remand for further proceedings. The Acting Commissioner's motion to affirm her decision (document no. 11) is denied.

---

[2] As several courts have recognized, "an exception to the Chenery rule exists when a remand 'will amount to no more than an empty exercise' because, for example, 'application of the correct legal standard could lead to only one conclusion.'" Clark v. Astrue, 2010 WL 2924237, at *4 (D. Me. 2010) (quoting Ward v. Commissioner of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000)). Here, however, the outcome on remand is far from clear. Should the ALJ identify and rely upon supportable reasons for discounting Dr. Blencowe's opinions, there is certainly substantial evidence in the record to support the conclusion that claimant is not disabled. If, however, Dr. Blencowe's opinions are entitled to controlling weight, it would appear that claimant is likely disabled.

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the ALJ dated April 26, 2013, is vacated and this matter is hereby remanded for further proceedings consistent with this order. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 9, 2015

cc: Raymond J. Kelly, Esq.
    Michael T. McCormack, Esq.